AKTIESELSKAB DAMPSKIB SVERRE, Plaintiff, *v.* ROYAL INDEMNITY COMPANY, Defendant.

Supreme Court, New York Special Term, May 17, 1924.

**Principal and surety — provision of bond that principal shall be made party to any action against surety which must be commenced before certain date — joining of principal is condition precedent to commencement of action against and liability of surety.**

The joining of the principal as a party defendant is a condition precedent to the commencement of an action against and the liability of the surety, under a surety bond providing that no action by reason of any default of the principal shall be brought against the surety after a specified date and that the principal shall be made a party to any such action if he can with reasonable diligence be found, and that this joinder must take place prior to the expiration of the time limit set in the bond.

MOTION by plaintiff for leave to amend complaint and issue supplemental summons, and motion by the defendant for judgment on the pleadings.

*Haight, Smith, Griffin & Deming (Edgar R. Kraetzer,* of counsel), for the plaintiff.

*Finkler & McEntire (Reuben Greenbaum,* of counsel), for the defendant.

LEVY, J.   Two motions.   Plaintiff moves for leave to amend the complaint and issue a supplemental summons bringing in another party as codefendant, which is denied.   Defendant moves for judgment on the pleadings, which must be granted.   The action is based upon two bonds embodying the following clause: " No claim, suit or action by reason of any default of the Principal shall be brought against the Surety after the 25th day of September, 1922; that service of writ or process commencing any such suit or action shall be made on or before such date; that the Principal shall be made a party to any such suit or action, and be served with process commencing the same if the Principal can with reasonable diligence be found; that no judgment shall be rendered against the Surety in excess of the penalty of this instrument."

Thereafter the time to commence suit was extended by agreement

to the 25th day of January, 1923, in language almost identical with that set forth in the clause just quoted. Prior to January 25, 1923, action was begun against the Royal Indemnity Company, the defendant surety company herein. The Eagle Steamship Company was not made a party and no action was commenced against it prior to the expiration of the time limit; nor does it appear that it was inaccessible or that with reasonable diligence it could not be found. Defendant urges that the joining of the Eagle Steamship Company as party defendant before the 25th day of January, 1923, was a condition precedent to commencing action and predicating liability. Plaintiff argues, however, that the action having been commenced against the defendant within the time agreed upon, the joining of the Eagle Steamship Company, the principal, was merely a perfunctory act which could be effectuated subsequent to the running of the time limit. With this view I am unable to agree. Reading the clause as a whole, as it must be read, and in the light of ordinary and logical interpretation, it becomes apparent that as a prerequisite to commencing action, the Eagle Steamship Company had to be made a party with defendant before expiration of the time limit. The clause very clearly states that no action shall be brought unless same is begun prior to a date certain, and further, that the principal, the Eagle Steamship Company, shall be made a party to such action. What action was contemplated? Undoubtedly the action which had to be brought before the 25th day of January, 1923. And to that action the Eagle Steamship Company was a necessary party. It follows, therefore, that no action can be said to have been commenced within the meaning of the clause when the Eagle Steamship Company was not made a party prior to January 25, 1923. This unquestionably was the intention of the defendant and it is evident that the plaintiff so understood the agreement. To adopt any other construction would do violence to the intention of the parties clearly expressed at the time the instrument was drawn and again when the time to commence action was extended. The plaintiff becomes the victim of its own negligence and cannot at this late date rightly seek the aid of the court. Courts must not protect negligent, though suffering parties, at the expense of reason and logic and proper juridical interpretation. The hardship was of plaintiff's own making and having failed to comply with those conditions precedent, it is out of court.

Ordered accordingly; judgment accordingly.